FILED
2025 MAR -3 PM 2:57

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. CAPURSO, PLAINTIFF

v.

THE MASSACHUSETTS CONTRIBUTORY RETIREMENT APPEAL BOARD , 14 SUMMER STREET, 4TH FLOOR, MALDEN, MASS. 02148

CIVIL ACTION No.

CRAB CHAIR UYEN TRAN, MASS.ATTY. GENERAL'S OFFICE., ONE ASHABURTON PLACE, BOSTON, MASS 02114

DEFENDANTS.

## COMPLAINT

Plaintiff, Paul J. Capurso (**"Plaintiff"** or **"I"**, **"ME"**), for my complaint against defendants, Massachusetts Contributory Retirement Appeal Board (**"CRAB"**) and UYEN TRAN, "TRAN" in her capacity as Chairperson of **"CRAB"** board, (the **"Board"** and, together with **"CRAB"** and **"TRAN"**, "**Defendants**"), avers as follows:

## I. INTRODUCTORY STATEMENT

1. For almost twenty (25) years, I provided faithful service to the Commonwealth of Massachusetts. During that time, I made contributions to Massachusetts' State Employees Retirement System . I was injured while working on March 27, 2013 (nearly 13 years ago) and have not been able to return to work because of the various injuries sustained.

2. There is no dispute, between the parties, that I am totally incapacitated from the performance of my duties as a Special Investigator for the Massachusetts Alcohol Beverage Control Commission due to an injury suffered while working. I filed for Accidental Disability Retirement benefits on March 29, 2018.

3. Now my efforts to address what I contend is an extraordinarily lengthy administrative appeals process and delay with no apparent end in sight, to wit: I was approved for Accidental Disability Benefits (ADR) by the Massachusetts State Board of Retirement in 2018.

4. The Massachusetts Public Employees Retirement Administration Commission (PERAC) appealed the granting (ADR) to the Massachusetts Department of Administrative Law and Appeals (DALA) also in 2018

5. (DALA), held a lengthy hearing on December 16, 2020 and 22 months later, on October 8, 2021, Administrative Judge McGrath issued a decision to award me (ADR) benefits. Shortly thereafter, PERAC appleaed DALA's decision to the defendants, Massachusetts Contributory Retirement Appeal Board (**"CRAB"**)

6. Because of the delays of CRAB rendering a decision, along ; with my inability to work because of my disability, issues with collecting Workers Compensation, it has caused further physical, mental, emotional and financial harm to me.

7. In accordance with CRAB's rules, I then filed a Motion To Expedite on May 23, 2023, hoping that a CRAB decision would be made in a timely manner consistent with the Motion.

8. As of this date, there has been no decision or any notice of when a decision can or will be made.

9. Although the CRAB decision is for an administrative appeal case, the decision will be determined on the briefs submitted, and without a hearing. Yet, despite the passage of over 3 years, no action has been taken on the appeal. Most troubling is the fact that there is no definitive timeline for the decision of my case before CRAB. My case is number 72 in the appellate queue for expedited cases and CRAB only convenes once per month for the purpose of deciding appeals like mine.

10. Thus, it appears highly likely that my case will not be adjudicated at any point in the reasonably foreseeable future.

11. CRAB operates in such clandestine ways as they do not have a publicly accessible website to see when or if a case is being decided, they do not list a mailing address or office location. There are no public meeting agenda or meeting minutes found. Even if CRAB's statements of being "in queue" are reasonable, *ie*, case load, staffing shortage, CRAB has further delayed my case without taking into consideration my specific dire situation compared to others awaiting decisions. Therefore nullifying my Motion to Expedite.

12. Justice delayed is, of course, justice denied. Massachusettes Retirees, like myself, have a legitimate right to expect that they will receive retirement benefits at a point in their lives when they have some reasonable prospect of enjoying them, not at some unforeseeable time in the future.

13. While it is understandable that administrative processes "take time," undeterminable and seemingly interminable delays are not only unfair but, at some point, they amount to a denial of procedural due process. This is one such case. At a time while my case is being delayed, unlike most cases before CRAB, I am receiving very limited income from the State Board of Retirement, $384 per month and also I rely on public food assistance as my means of income.

14. I do not seek an unfair advantage with respect to my ADR benefits. I am not requesting from this Court, for example, a favorable merits-based decision of my administrative case. Instead, I ask the Court only for that to which I am indisputably entitled to, *i.e.*, "due process" – the opportunity to have my appeal determined in a reasonable manner ***and at a reasonable time***. My principal request is, therefore, limited to appropriate injunctive relief affording me a reasonably expeditious determination of my pending CRAB case

## II. PARTIES

15. I, Paul Capurso, am an individual, who resides and is domiciled in the Commonwealth of Massachusetts, and who is a citizen of that state.

16. **"CRAB"** is a state agency created under Massachusetts law pursuant to *M.G.L.* c. 32, § 16 (4). Its responsibilities include hearing administrative appeals involving the denial of SERS benefits. **"TRAN"**, is the Chair and one of the adjudicators of CRAB.

17. The Board is a state agency created under Massachusetts law pursuant to *M.G.L.* c. 32. It is charged with administering SERS benefits.

## III. JURISDICTION AND VENUE

18. This Court has jurisdiction over this matter pursuant to 28 *U.S.C.* § 1331, as the questions here presented arise under the statutes and constitution of the United States.

19. Venue is proper in this district pursuant to 28 *U.S.C.* §1391 (b) (1) and (2) because the defendants can be considered "residents" of this district and because a substantial part, if not all, of the events that give rise to my claim occurred within my district.

## IV. BACKGROUND FACTS

20. I was employed by the Commonwealth of Massachusetts since February 1997, first as an Investigator with the Suffolk County District Attorney's Office and then in February of 2001 as a Special Investigator with the Alcoholic Beverage Control Commission.

21. I am a Party to a proceeding before CRAB, Paul Capurso v. PERAC & SBR, CR-19-0028.

22. Briefs in support of my case were submitted to CRAB on January 31, 2022 by my attorney.

23. Because of incredible amount of physical, financial, mental and emotional suffering I have endured and continue to experience, I filed, as per the rules of CRAB a Motion to Expedite on May, 23, 2023

24. On January 29, 2024, I, without my attorney, (I can not afford the ongoing fees he would incur with my attorney, so like this matter, I choose to address them on my own) wrote an email to the only public contact person for CRAB, Uyen Tran

**From:** pjcapurso@aol.com <pjcapurso@aol.com>
**Sent:** Monday, January 29, 2024 11:41 AM
**To:** Tran, Uyen (AGO) <Uyen.M.Tran@mass.gov>
**Subject:** CRAB decision ?

Hello

My name is Paul Capurso. I currently have a pending case before CRAB.

Last year, I filed a motion for an expedited hearing. My cases has now been at CRAB for several years

Can you please provide me with an accurate update?

Thanks

Paul Capurso

25. On January 30, 2024 Sam Ades, from CRAB sent an email to I Attorney Peter Perroni.

Good Afternoon Attorney Perroni,

The Contributory Retirement Appeal Board ("CRAB") received the correspondence below from your client, I, requesting a status update in the matter Paul Capurso v. PERAC & SBR, CR-19-0028. Currently, this matter is #72 on CRAB's combined docket of disability and nondisability cases.

As he is represented by counsel, the Board is restricted from communicating with Mr. Capurso without the presence of my attorney. 801 CMR § 1.03(6). This is true even in cases in which the represented individual initiates communications. Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2.

Just over the past several months we have been contacted by the Petitioner on numerous occasions and through a myriad of channels within the Commonwealth of Massachusetts including: the Division of Administrative Law Appeals, the General Court, the Governor's Office, the Executive Office of Administration and Finance, the Department of Revenue, and from various divisions of the Attorney General's Office.

While the Board recognizes that this has been a long process for Mr. Capurso, we respectfully request that all further communication come directly from my counsel. Going forward, any correspondence from the Petitioner that fails to comply with this procedure will not considered.

Should you have any further questions or concerns, you may contact me or CRAB Chair Uyen Tran.

Thank you,

Sam

26. As of the date of my complaint, no response, update, inquiry or decsion has been received from CRAB.

27. Because my action concerns itself with the delays of CRAB procedures relative to the resolution of the herein-described dispute, and not the respective merits of the parties' claims and arguments before CRAB, I have here refrained from a detailed discussion of my ADR benefits and, instead, simply reserve all of my rights in that regard.

28. I am unable to work due to my undisputed disability, therefore I have limited income. The pending decision from CRAB could remedy that situation. Because of the delays, I have been forced to file bankruptcy, am far behind on my child support obligations and at times have been dealing with housing and food insecurity and relying on the generosity of strangers for basic necessities.

**COUNT I – I am Being Denied Procedural Due Process**

29. I respectfully incorporate the allegations of paragraphs 1-28 of my complaint, each as if fully set forth herein.

30. As of the date of my complaint, I has been diligently pursuing my right to ADR benefits for over five (8) years in total and 3 while awaiting a decision from CRAB

31. Perhaps more importantly, there is, based upon the correspondence exchanged between I and CRAB, a likelihood of significant further delays.

32. I have a right, under the Fourteenth Amendment of the United States Constitution, to procedural due process with regard to the determination by CRAB of my case with the Board.

33.. Put most simply, procedural due process includes, *inter alia*, the right to be heard in a reasonable manner and at a ***reasonable time***.

34. With more than eight (**8**) years having elapsed since I first sought to receive ADR benefits, and with no apparent end in sight with respect to any final adjudication of that dispute, I am being denied my right to procedural due process. More particularly, the existing state administrative system is not designed and/or administered in such a way as to afford me ***reasonably prompt*** relief. Even when filing a Motion to Expedite, that unfortunately still hasn't been acted upon.

35. My ADR benefits, and a decision by CRAB as well as my claim in pursuit thereof, are property rights entitled to the protections of the Due Process Clause of the United States Constitution.

36. While I has endeavored to avail myself of the protections afforded by the administrative process described above, such process, either by design or by the manner in which the same has been implemented, has and continues to deprive me of my right to an adjudication of my matter within a ***reasonable time***, and the delays occasioned by such process are, in light of all of the relevant facts and circumstances, unjustified.

**COUNT II – Violation Of 42 *U.S.C.* § 1983**

37. I respectfully incorporate the allegations of paragraphs 31-38 of Count I of my complaint, each as if fully set forth herein.

38. In depriving me of my right to procedural due process as provided for in the Fourteenth Amendment to the United States Constitution, CRAB, as a state agency empowered by statute, is acting under color of state law.

39. The actions of CRAB in failing to decide the above-referenced dispute within a reasonable period of time is the actual cause of my injury.

**WHEREFORE**, Plaintiff asks that my Court afford him the following relief:

**AS TO COUNT I:**

A. Grant Plaintiff a preliminary injunction requiring CRAB to adjudicate the within described dispute within thirty (30) days or such time as the Court deems, in light of all of the relevant circumstances, reasonable and proper;

B. Grant Plaintiff a permanent injunction requiring CRAB to adjudicate the within described dispute within thirty (30) days or such time as the Court deems, in light of all of the relevant circumstances, reasonable and proper;

C. Enter an award of costs as allowed by law; and

D. Advise the Defendants that no bias should affect the decision of Plaintiff's CRAB case because of the filing of this complaint.

E. Afford such other and further relief as my Court deems just and proper.

## AS TO COUNT II:

A. Grant Plaintiff a preliminary injunction requiring CRAB to adjudicate the within described dispute within thirty (30) days or such time as the Court deems, in light of all of the relevant circumstances, reasonable and proper;

B. Grant Plaintiff a permanent injunction requiring CRAB to adjudicate the within described dispute within thirty (30) days or such time as the Court deems, in light of all of the relevant circumstances, reasonable and proper;

C. Award Plaintiff reasonable amount for delay, pain and suffering;

D. Enter an award of costs as allowed by law; and

E. Afford such other and further relief as my Court deems just and proper.

F. Advise the Defendants that no bias should affect the decision of Plaintiff's case because of the filing of this complaint

PJCAPURSO@AOL.COM

Paul J. Capurso
90 Homer Street
East Boston, MA 02128
617-908-8572
pjcapurso@aol.com

3/3/25