UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL J CAPURSO, *Plaintiff,* v. THE MASSACHUSETTS CONTRIBUTORY RETIREMENT APPEAL BOARD *et al*., *Defendants.* | No. 25-cv-10508-PGL |

### REPORT AND RECOMMENDATION ON DEFENDANT'S SUGGESTION OF MOOTNESS

LEVENSON, U.S.M.J.

Plaintiff filed this Complaint seeking an expedited determination of an appeal pending before the Massachusetts Contributory Retirement Appeal Board ("CRAB"). Docket No. 1 ("Complaint"). Defendant has now filed a suggestion of mootness, representing that CRAB has now issued a final decision on the appeal and that Plaintiff has since petitioned the Massachusetts Superior Court for further judicial review. Docket No. 21. Plaintiff has not responded to Defendants' suggestion of mootness.

I recommend that the case be dismissed.

## I.    Factual Background and Procedural History

According to the allegations in the Complaint, Plaintiff was employed by the Commonwealth of Massachusetts for almost 25 years and worked as a Special Investigator for the Massachusetts Alcohol Beverage Control Commission since 2001. Complaint ¶¶ 1–2, 20. Plaintiff filed for and was approved for accidental disability benefits by the Massachusetts State

Board of Retirement in 2018. *Id.* ¶¶ 2–3. The Massachusetts Public Employees Retirement Administration Commission (PERAC) appealed the grant of benefits to the Massachusetts Department of Administrative Law and Appeals (DALA). *Id.* ¶ 4. DALA held a hearing in 2020 and in 2021 issued a decision to award Plaintiff benefits. *Id.* ¶ 5. Shortly thereafter, PERAC appealed DALA's decision to CRAB. *Id.* As of March 2025, CRAB had yet to issue a decision. *See id.* ¶ 8.

On March 3, 2025, Plaintiff filed a pro se[1] complaint in the U.S. District Court for the District of Massachusetts against CRAB and the CRAB chairperson, in their official capacity, seeking to require CRAB to make a determination. *Id.* ¶ 14. The Complaint claimed denial of procedural due process and a violation of 42 U.S.C. § 1983; the Complaint requests injunctive relief and an award of costs and damages. *Id.* at 7–9. Plaintiff's "principal request is . . . limited to appropriate injunctive relief affording [him] a reasonably expeditious determination of [his] pending CRAB case." *Id.* ¶ 14.

On August 28, 2025, the parties filed a joint motion for extension of time to file an answer as parties were conferring on a resolution of the matter, and I allowed that motion. Docket Nos. 13, 15. Parties again filed a motion for extension of time on October 3, 2025, which I also allowed. Docket Nos. 17, 18. As the Court had not heard from the parties, on January 20, 2026, a status conference was set for February 5, 2026. *See* Docket No. 20.

On January 26, 2026, Defendant filed a suggestion of mootness, representing that CRAB issued a final decision in Plaintiff's case on November 18, 2025, and that Plaintiff subsequently filed for judicial review of CRAB's decision in the Massachusetts Superior Court. Docket No.

---

[1] Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Docket No. 2), which I allowed (Docket No. 8).

21. I entered an order on January 27, 2026, directing Plaintiff to respond forthwith to the Defendant's suggestion of mootness – prior to the status conference scheduled for February 5, 2026. Docket No. 22. The status conference was held on February 5, 2026, with counsel for Defendants present; Plaintiff did not appear on that date, nor did he respond to the suggestion of mootness. *See* Docket No. 23. At the status conference, I directed Defense counsel to supplement the record with a copy of CRAB's decision in Plaintiff's appeal (which Defense Counsel indicated was a matter of public record), and with documentation reflecting Plaintiff's pending petition for review in the Massachusetts Superior Court. Docket No. 23. Defendant has filed both CRAB's decision in Plaintiff's appeal (Docket No. 24-1) and the docket sheet for Plaintiff's Superior Court matter, *Capurso vs. Contributory Retirement Appeal Board et al.*, Docket No. 2584CV03483 (Docket No. 24-2).

In its decision dated November 18, 2025, CRAB reversed the DALA decision and held that Plaintiff is not entitled to accidental disability retirement benefits. Docket No. 24-1. The cover letter accompanying that decision notified Plaintiff that a party aggrieved by the decision may, within thirty days, appeal to the Massachusetts Superior Court in accordance with Mass. Gen. Laws Ch. 30A, § 14. Docket No. 24-1 at 1. The docket sheet for Docket No. 2584CV03483 indicates that Plaintiff (Paul Capurso), represented by counsel,[2] filed a complaint against CRAB on December 16, 2025, and that the matter is currently pending. Docket No. 24-2.

Fourteen days have elapsed since Defendants' filing of a suggestion of mootness and Plaintiff has not responded with any objection or reply to date.

---

[2] Counsel in Plaintiff's state matter has not appeared for Plaintiff in this federal matter.

## II.    Relevant Law and Analysis

The doctrine of mootness has its foundation in the federal courts' authority to hear cases under Article III. As the First Circuit outlined:

> Because Article III restricts our jurisdiction to "Cases" and "Controversies," U.S. Const. art. III § 2, "a suit becomes moot[ ] 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *See Chafin v. Chafin*, 568 U.S. 165, 172, 133 S.Ct. 1017, 185 L.Ed.2d 1 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013)); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975))). "A party can have no legally cognizable interest in the outcome of a case if the court is not capable of providing any relief which will redress the alleged injury." *Gulf of Me. Fishermen's All.* v. *Daley*, 292 F.3d 84, 88 (1st Cir. 2002). This is true "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit." *Already, LLC*, 568 U.S. at 91, 133 S.Ct. 721. "Thus, 'if an event occurs while a case is pending ... that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [action] must be dismissed.' " *Gulf of Me. Fishermen's All.*, 292 F.3d at 88 (alterations in original) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)). "Unless an exception to the doctrine applies, to do otherwise would be to render an advisory opinion, which Article III prohibits." *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021) (citing *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52-53 (1st Cir. 2013)).

*Harris v. Univ. of Massachusetts Lowell*, 43 F.4th 187, 191–92 (1st Cir. 2022). Further, "[m]ootness is a jurisdictional matter," and "[w]hen a case is moot, 'dismissal of the action is compulsory.'" *Matt v. HSBC Bank USA, N.A.*, 783 F.3d 368, 372 (1st Cir. 2015) (quoting *Overseas Military Sales Corp. v. Giralt-Armada*, 503 F.3d 12, 17 (1st Cir. 2007)).

Mass. Gen. Laws Ch. 30A, § 14 provides that: "any person or appointment authority aggrieved by a final decision of any agency in an adjudicatory proceeding, whether such decision is affirmative or negative in form, shall be entitled to a judicial review thereof." *Id.* The statute provides for judicial review by means of a civil action in the Massachusetts Superior Court. *Id.*

4

"On judicial review under G.L. c. 30A, '[a] decision of CRAB may be set aside only if based upon an error of law or unsupported by substantial evidence.' *Ret. Bd. of Brookline v. Contributory Ret. Appeal Bd.*, 33 Mass. App. Ct. 478, 479 (1992) (quoting *Robinson v. Contributory Ret. Appeal Bd.*, 20 Mass. App. Ct. 634, 636 (1985)).

By suing in this Court, Plaintiff sought to expedite the appeal that was then pending before CRAB. Now that CRAB has rendered its decision there is no longer any effectual relief that the Court could provide. Plaintiff has not responded to, let alone contradicted, the suggestion of mootness. Further, Plaintiff has sought judicial review of the decision before the Massachusetts Superior Court. As there is no live issue remaining, the matter is moot.[3]

### III.    Order

I RECOMMEND that this case be dismissed as moot. I direct the Clerk to redraw the matter to a District Judge to consider this recommendation.

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: February 9, 2026

---

[3] On the present record, it does not appear that Plaintiff is entitled to monetary damages. *Wang v. New Hampshire Bd. of Registration in Med.*, 55 F.3d 698, 700–01 (1st Cir. 1995) ("it is well settled 'that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action'" (quoting *Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir.1991))); *Ciampa v. Massachusetts Rehab. Comm'n*, 718 F.2d 1, 3 (1st Cir. 1983) ("The Eleventh Amendment of the United States Constitution bars suits in federal court brought by private parties seeking retroactive monetary damages that would be paid from the state treasury."). Although monetary damages may be available based on "'*actual* violations' of the Fourteenth Amendment," without a response from Plaintiff there is no such argument before the Court. *Sinapi v. Rhode Island Bd. of Bar Examiners*, 910 F.3d 544, 553 (1st Cir. 2018) (quoting *United States v. Georgia*, 546 U.S. 151, 158 (2006) (emphasis in original)).

<u>NOTICE OF RIGHT TO OBJECT</u>

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of <u>Federal Rule of Civil Procedure 72(b)</u> or <u>Federal Rule of Criminal Procedure 59(b)</u>, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, <u>848 F.2d 271</u> (1st Ci<u>r. 1988</u>); *United States v. Emiliano Valencia-Copete*, <u>792 F.2d 4</u> (1st Ci<u>r. 1986</u>); *Park Motor Mart, Inc. v. Ford Motor Co.*, <u>616 F.2d 603</u> (1st Ci<u>r. 1980</u>); *United States v. Vega*, <u>678 F.2d 376, 378-379</u> (1st Ci<u>r. 1982</u>); *Scott v. Schweiker*, <u>702 F.2d 13, 14</u> (1st Ci<u>r. 1983</u>); *see also Thomas v. Arn*, <u>474 U.S. 140</u> (1985).